[Civ. No. 168. Second Appellate District.—April 7, 1906.]

WILLIAM CHAPMAN, Appellant, v. CHARLES E. BENE-DICT et al., Defendants. GERTRUDE STULL, Intervener, Respondent.

FORECLOSURE OF MORTGAGE—COLLATERAL SECURITY—INTERVENTION TO RECOVER SECURITIES—OFFER OF PERFORMANCE—EFFECT OF REFUSAL.—In an action to foreclose a note and mortgage held by plaintiff as collateral security for a note of the intervener to plaintiff, and originally held by the intervener as collateral security for a note of the mortgagee to her, and assigned with such note as collateral security to plaintiff, in which action she intervened to recover her securities, where it appeared that at maturity of her note to plaintiff she offered to pay it, which offer was refused, such offer and refusal were sufficient to stop the interest on her note to plaintiff, without formal tender of payment, but not to extinguish the obligation, where the intervener did not deposit the money in bank pursuant to section 1500 of the Civil Code.

ID.—SUBSEQUENT OFFERS IMMATERIAL—MISTAKE OF INTERVENER.—The fact that subsequent offers of performance were made and refused would not prejudice her rights under the first offer and refusal, and her mistake as to the effect of such tender and the time of the stoppage of interest is of no importance.

ID.—IMMATERIAL FINDING AGAINST EVIDENCE.—An immaterial finding against evidence that the intervener did not assign to plaintiff as security the note of the mortgagee to her cannot affect the substantive rights of the intervener and the plaintiff.

ID.—CONDITIONAL JUDGMENT FOR INTERVENER—TIME OF PAYMENT—MODIFICATION UPON APPEAL.—A judgment for the intervener for

recovery of the securities, upon payment of the principal sum of her note to plaintiff, should be modified upon appeal of plaintiff, by fixing a time within which such payment must be made, and providing that if she does not make the payment within such time, her intervention should be dismissed and the plaintiff should have leave to proceed with the foreclosure of the mortgage between the original parties.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Waldo M. York, Judge.

The facts are stated in the opinion of the court.

Harris & Swanwick, and Charles Lantz, for Appellant.

C. C. Wright, for Respondent.

ALLEN, J.—This suit was brought by plaintiff as assignee of the intervener to foreclose a mortgage made by the defendants to one Wm. N. Holway, of date May 1, 1900, to secure a promissory note for the sum of $3,000. Judgment was rendered for the intervener, from which the plaintiff appeals.

The note and mortgage were assigned by Holway to the intervener to secure his promissory note to her for the sum of $2,400 and were assigned with Holway's note to the plaintiff by the intervener as collateral security for her note to the plaintiff of date, May 20, 1901, for the sum of $1,500, with interest at the rate of eight per cent, etc. These facts are alleged in the complaint in intervention, and it is further alleged: That this complainant paid the interest due on her personal note August 20, 1901; that thereafter three times she offered to Charles Lantz the money due on her personal note and demanded the reassignment of said securities; and that Charles Lantz has ever since refused to accept the money, claiming a fee not rightly belonging to him. Then there is a copy of a receipt given for the interest paid, which shows it to have been paid August 19, 1901. There were other facts alleged touching the intervener's right to make the assignment, but in view of the proceedings on the trial and the findings of the court, these allegations may be regarded as

immaterial. The complaint in intervention is duly verified, and its allegations are not specifically denied.

The execution of the note and mortgage in suit and its assignment, together with the execution of Holway's note to Mrs. Stull, and of her note to the plaintiff, are admitted.

But it is found: (1) That Mrs. Stull did not assign to plaintiff the $2,400 note of Holway, for which she held the note and mortgage in suit as collateral, of which fact the plaintiff had notice; that she had no right to transfer the latter without also transferring the $2,400 note; and (2) that said intervener, Gertrude Stull, paid to the said plaintiff the interest due on her said note to the twentieth day of August, 1901; that on said twentieth day of August, 1901, the said Gertrude Stull offered to pay Chas. Lantz her said note in full, including all amounts due thereon to date of said offer and demanded of plaintiff a return of the said securities held by him; that said plaintiff by his attorney in fact, Charles Lantz, then refused and has ever since refused to accept said payment, assigning no reason for such refusal save that the amount tendered by said Gertrude Stull did not include an additional sum of $125 claimed to be due from said Gertrude Stull to the said plaintiff's attorney for services rendered in a prior action to foreclose said $2,000 Benedict mortgage.

The conclusions of law were, that the intervener was entitled to judgment for the possession of the papers and securities deposited with the plaintiff as security for her note, upon the payment to the plaintiff of the sum of $1,500; and judgment was entered accordingly.

These findings are attacked by the appellant as not justified by the evidence. As to the first, the note of Mrs. Stull in evidence discloses an assignment of the Holway and Benedict notes, and said first finding has no support in the testimony; but the error is of no materiality as affecting the rights of the parties upon this appeal.

As to the second finding, there is testimony in the record to the effect that on the twentieth day of August, 1901, intervener notified Lantz, who was the attorney in fact for plaintiff, that she was ready and willing to pay her said note of $1,500 and that said Lantz notified her that he would not accept

3 Cal. App.—26

the tender of the amount due Chapman, as principal, unless she paid him an additional sum, which was not a part of the note or connected therewith, and not due Chapman in any event.

There is some little difficulty in bringing the findings within the issues tendered by the intervention; but taking the whole complaint in intervention together, from which it appears by the date upon the receipt that the payment of interest was on the 19th of August, and that thereafter she tendered the amount, it indicates that the pleader intended to say that interest was paid to August 20th, and not on August 20th, and reconciles what otherwise would be a discrepancy between the findings and the allegations of the complaint in intervention. It is true that intervener does not assert with any degree of positiveness that the twentieth day of August was the exact date of the tender, but she says it was immediately after the note matured, and Lantz, who was offered as a witness for plaintiff, was not prepared to say that the 20th was not the correct date of the conversation referred to. The fact that several other offers of performance were made after the 20th of August in no wise affects the status of the parties, assuming a proper offer of performance to have been made on the 20th. That Lantz was the attorney in fact and had full authority in the premises to act for plaintiff affirmatively appears in the record. The notice given by Lantz to intervener of his refusal to accept the money rendered formal tender unnecessary. (Civ. Code, secs. 1512, 1515.) The money, however, does not seem to have been deposited in bank, whereby the obligation was extinguished, as provided by section 1500, Civil Code, but such tender had the effect to stop the interest. (Civ. Code, sec. 1504.) We attach no importance to the prayer of the complaint in which the intervener claims exemption from interest from January 20, 1902. If, in fact, a tender were made and the interest stopped thereby, her mistake as to the effect of such tender would not prejudice her, especially where the pleading was drawn by one not learned in the law, as is indicated by the fact that the complaint in intervention was signed by the intervener *in propria persona.*

We are of the opinion, therefore, that the finding of the court as to the tender cannot be disturbed. But the judgment is defective in not fixing a time within which the money due from Mrs. Stull to the plaintiff, $1,500, shall be paid, or providing for the contingency of nonpayment within the time specified. We are, therefore, of the opinion that the time should be fixed by the court within which the money is to be paid by Mrs. Stull, and that upon her failure to pay the same her complaint in intervention be dismissed, and the case left to proceed between the original parties.

There is a motion in the case to dismiss the appeal, but as the same motion was made and determined in the supreme court it cannot be further considered.

It is ordered, therefore, that the judgment appealed from be modified by striking therefrom, at the end of the second paragraph thereof, the following words: "Whenever the said Stull pays or tenders to the said plaintiff the sum of $1,500, and thereupon that the assignment thereof from Stull to Chapman shall be void"; in lieu of which there shall be inserted: "upon the payment to said William Chapman of the sum of $1,500 gold coin of the United States, within ten days after receiving written notice of the entry of the judgment, and that if the intervener shall fail to pay the said sum within the time so fixed, her complaint in intervention shall be dismissed and the plaintiff have leave to proceed with the foreclosure of the mortgage in suit against the original parties"; and it is further ordered that the judgment so modified, and the order denying the plaintiff's motion for a new trial, shall stand affirmed.

Gray, P. J., concurred.

SMITH, J., Concurring.—I concur in the opinion on the ground that I am not satisfied that we would be justified in disturbing the finding of the court as to the date of the tender made to the plaintiff by Mrs. Stull. On this point, I am satisfied from the evidence and from the allegations and prayer of the complaint in intervention, that Mrs. Stull herself at the time of filing her complaint did not believe that she had made any effectual tender prior to the date named, "Jan. 20, 1902,"

and that she then believed that she was entitled to exemption · from interest only from that date. But it is suggested in the opinion that the court below may have been satisfied that she was under a mistake of law on this point, and upon this hypothesis the court, perhaps, was justified in its findings. Otherwise, I would think she should be charged with interest up to that date.

A petition for a rehearing of this cause was denied by the district court of appeal on May 7, 1906, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 28, 1906.